# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THEOPHAS MAYBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CV-501-JED-TLW |
| | ) |
| FRANK D. THOMPSON, RUBY REED, | ) |
| HENRY THOMPSON, AND | ) |
| CALIFORNIA STATE CONTROLLER | ) |
| OFFICE, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Acting pro se, plaintiff filed his Complaint, using a form provided by the Clerk of the Court. In the Complaint, he alleges that Felicia Washington "was informed that there was $300,000.00 in Savings Bonds belonging to [plaintiff]" and that "someone (name not disclosed) was receiving the Interest off the Savings Bonds," but plaintiff then spoke to the California State Controller, "who . . . reports no Savings Bonds found." (Doc. 1 at 1-2). As his "Cause of Action," plaintiff wishes to "[p]ursue an Investigation with the Unclaimed Property Division of California." (*Id.* at 1). He has named four defendants in his Complaint, but does not mention defendants Frank Thompson, Ruby Reed, or Henry Thompson at all other than to list them as defendants in the style of the Complaint. (*See id.*).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Sunshine Haven Nursing Op., LLC v. U.S. Dep't of Health and Human Servs., Ctrs. for Medicare and Medicaid Servs.*, 742 F.3d 1239, 1246 (10th Cir. 2014) (quoting *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1201 (10th Cir. 2012)). The party invoking the Court's jurisdiction has the burden to allege

jurisdictional facts demonstrating the presence of subject matter jurisdiction. *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007); *see also McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case.") "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 514 (2006)); *see also Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) ("It is well settled that a federal court must dismiss a case for lack of subject matter jurisdiction, even should the parties fail to raise the issue."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The Court must construe plaintiff's pro se Complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, plaintiff must still allege jurisdictional facts sufficient to show that this Court has jurisdiction. *See Harris v. Tulsa 66ers*, 551 F. App'x 451, 451-52 (10th Cir. 2014) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)) (although pro se litigants' pleadings must be construed liberally, pro se parties must follow the same rules of procedure that govern represented parties).

*Federal Question Jurisdiction*

"Generally, the 'well-pleaded complaint' rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint." *Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001). "The complaint must identify the statutory or constitutional provision

under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986). As the asserted basis for jurisdiction in this Court, plaintiff provides only one word: "California." (Doc. 1 at 1). Plaintiff does not identify any federal law under which he claims entitlement to relief, and he does not allege any facts that show that the case arises under federal law or has any relationship to federal law. His request to "[p]ursue an Investigation with the Unclaimed Property Division of California" does not identify any statutory or Constitutional right which would give rise to a federal claim. (*See id*.). The Court finds no basis to exercise federal question jurisdiction.

*Diversity Jurisdiction*

The Complaint also does not provide jurisdictional facts to show the existence of diversity jurisdiction. Federal courts have diversity jurisdiction in cases between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction attaches only where there is complete diversity, "when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Depex Reina 9 P'ship v. Texas Int'l Petrol. Corp.*, 897 F.2d 461, 463 (10th Cir. 1990). Plaintiff identifies himself as a citizen of Oklahoma. (Doc. 1 at 1). Although the form Complaint calls for citizenship information about all defendants, plaintiff completed that information for only one defendant, which is insufficient because complete diversity requires that all defendants be citizens of a state or states different from plaintiff's state of citizenship. Because plaintiff's Complaint does not show the existence of complete diversity, the Court does not have diversity jurisdiction. *See id.* In addition, the Summons for defendant Ruby Reed provides a Tulsa, Oklahoma address, such that it appears that diversity is absent. (Doc. 7).

3

The Court has construed the allegations of the plaintiff's pro se Complaint liberally. However, the Court finds no federal question from the allegations of the Complaint, and it does not appear that there is diversity of citizenship. The Court finds no basis to exercise subject matter jurisdiction.

IT IS THEREFORE ORDERED that the Complaint (Doc. 1) is **dismissed without prejudice**. A separate judgment of dismissal will be entered.

DATED this 3rd day of July, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE